1
2
3
4
5
6
7
8

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

9 | ROBERT LEE KIMMELL,                    )
10 |                    Petitioner,         )          3:11-cv-00311-LRH-WGC
                                            )
11 | vs.                                    )
                                            )          **ORDER**
12 | JACK PALMER, *et al.,*                 )
                                            )
13 |                    Respondents.        )
    | ——————————————————————————————————/

14

15    This is a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 in which petitioner, a

16  state prisoner, is proceeding *pro se*.  Before the court is respondents' motion to dismiss (docket #10).

17  Petitioner has opposed the motion (docket #14), and respondents have replied (docket #16).  Petitioner

18  has also filed a motion for appointment of counsel, to which the court turns first.

19  **I.  Petitioner's Motion for Appointment of Counsel**

20    On August 31, 2011, petitioner filed a motion for appointment of counsel (docket #15).  There

21  is no constitutional right to appointed counsel for a federal habeas corpus proceeding. *Pennsylvania v.*

22  *Finley*, 481 U.S. 551, 555 (1987); *Bonin v. Vasquez*, 999 F.2d 425, 428 (9th Cir.1993). The decision to

23  appoint counsel is generally discretionary.  *Chaney v. Lewis*, 801 F.2d 1191, 1196 (9th Cir.1986), *cert.*

24  *denied*, 481 U.S. 1023 (1987); *Bashor v. Risley*, 730 F.2d 1228, 1234 (9th Cir.), *cert. denied*, 469 U.S.

25  838 (1984).  However, counsel must be appointed if the complexities of the case are such that denial of

26  counsel would amount to a denial of due process, and where the petitioner is a person of such limited

27  education as to be incapable of fairly presenting his claims.  *See Chaney*, 801 F.2d at 1196; *see also*

28  *Hawkins v. Bennett*, 423 F.2d 948 (8th Cir.1970).  The petition in this action appears sufficiently clear

1    in presenting the issues that petitioner wishes to raise, and it does not appear that counsel is justified at

2    this time.  The motion is denied without prejudice.

3    **II.  Procedural History and Background**

4         On June 29, 2004, the State of Nevada filed an indictment in the Second Judicial District Court

5    for the State of Nevada charging petitioner, Robert Lee Kimmell, with one count of burglary (exhibits

6    to motion to dismiss, docket #10, ex. 8).[1]  The charge arose from an incident in which a witness saw a

7    man and a woman in and near the fenced property of a repossession yard and a white car parked nearby.

8    When police arrived, they saw the white car and a man and woman seated at a table in a nearby park.

9    After inspecting the car, the police saw that the couple was gone, and they found petitioner and his

10   girlfriend in the Truckee river.  Inside the white car they found the girlfriend's purse and a bag that had

11   indicia of ownership of Greg Tollen, whose truck was found in the repossession yard with a door ajar.

12   Petitioner was subsequently convicted of burglary pursuant to a jury trial and sentenced to a term of

13   incarceration of 48 to 120 months (ex.'s 16 and 22).

14        Petitioner filed a direct appeal to the Nevada Supreme Court (ex. 24).  He raised three claims:

15   (1) the evidence presented at trial was insufficient to convict; (2) the trial court improperly rejected a jury

16   instruction on circumstantial evidence; and (3) the trial court improperly permitted the State to question

17   the owner of the repossession yard as to whether petitioner had permission to possess any of Greg

18   Tollen's property.  The Nevada Supreme Court affirmed the conviction on October 25, 2005 (ex. 35).

19        On April 18, 2006, petitioner filed a state petition for writ of habeas corpus (ex. 39).  The state

20   district court held an evidentiary hearing (ex. 48) and then denied the petition (ex. 50).  On February 5,

21   2010, he appealed the denial of his state habeas petition to the Nevada Supreme Court (ex. 51).  He

22   argued that: (1) the state district court abused its discretion in denying his petition; (2) trial counsel was

23   ineffective because he both failed to file pre-trial motions challenging the identification procedure used

24   and failed to seek dismissal by pre-trial writ for lack of probable cause; (3) trial counsel was ineffective

25   because he failed to file a motion for new trial based on conflicting evidence; (4) trial counsel was

26   ineffective because he failed to adequately investigate and present defense evidence that petitioner's co-

27   _____

28        [1]All exhibits referenced in this Order are exhibits to respondents' motion to dismiss (docket #10),
     which are located at docket #s 11 and 12.

1    defendant stated that petitioner did not commit the crime and that petitioner had distinctive tattoos;  and

2    (5) counsel for his direct appeal was ineffective because he failed to properly cite and argue facts and

3    filed an untimely appeal (ex. 55).  On September 10, 2010, the Nevada Supreme Court affirmed the

4    denial of Kimmell's state habeas petition (ex. 57).

5        Petitioner dispatched this federal petition for writ of habeas corpus on April 28, 2011 (docket

6    #6).  Respondents argue that grounds 2 and 3 and part of ground 1 of the petition should be dismissed

7    as unexhausted.

8    **III.  Discussion**

9        A.  Exhaustion

10            1.  Legal Standard

11        A federal court will not grant a state prisoner's petition for habeas relief until the prisoner has

12    exhausted his available state remedies for all claims raised.  *Rose v. Lundy*, 455 U.S. 509 (1982); 28

13    U.S.C. § 2254(b).  A petitioner must give the state courts a fair opportunity to act on each of his claims

14    before he presents those claims in a federal habeas petition.  *O'Sullivan v. Boerckel,* 526 U.S. 838, 844

15    (1999); *see also Duncan v. Henry,* 513 U.S. 364, 365 (1995).  A claim remains unexhausted until the

16    petitioner has given the highest available state court the opportunity to consider the claim through direct

17    appeal or state collateral review proceedings.  *See Casey v. Moore,* 386 F.3d 896, 916 (9th Cir. 2004);

18    *Garrison v. McCarthey,* 653 F.2d 374, 376 (9th Cir. 1981).

19        A habeas petitioner must "present the state courts with the same claim he urges upon the federal

20    court." *Picard v. Connor*, 404 U.S. 270, 276 (1971).  The federal constitutional implications of a claim,

21    not just issues of state law, must have been raised in the state court to achieve exhaustion.  *Ybarra v.*

22    *Sumner*, 678 F. Supp. 1480, 1481 (D. Nev. 1988) (citing *Picard*, 404 U.S. at 276).  To achieve

23    exhaustion, the state court must be "alerted to the fact that the prisoner [is] asserting claims under the

24    United States Constitution" and given the opportunity to correct alleged violations of the prisoner's

25    federal rights.  *Duncan v. Henry,* 513 U.S. 364, 365 (1995); s*ee Hiivala v. Wood,* 195 F.3d 1098, 1106

26    (9th Cir. 1999).  It is well settled that 28 U.S.C. § 2254(b) "provides a simple and clear instruction to

27    potential litigants: before you bring any claims to federal court, be sure that you first have taken each

28    one to state court." *Jiminez v. Rice,* 276 F.3d 478, 481 (9th Cir. 2001) (quoting *Rose v. Lundy,* 455 U.S.

509, 520 (1982)).  "[G]eneral appeals to broad constitutional principles, such as due process, equal protection, and the right to a fair trial, are insufficient to establish exhaustion." *Hiivala v. Wood*, 195 F.3d 1098, 1106 (9th Cir. 1999) (citations omitted).  However, citation to state caselaw that applies federal constitutional principles will suffice. *Peterson v. Lampert*, 319 F.3d 1153, 1158 (9th Cir. 2003) (en banc).

A claim is not exhausted unless the petitioner has presented to the state court the same operative facts and legal theory upon which his federal habeas claim is based.  *Bland v. California Dept. of Corrections,* 20 F.3d 1469, 1473 (9th Cir. 1994).  The exhaustion requirement is not met when the petitioner presents to the federal court facts or evidence which place the claim in a significantly different posture than it was in the state courts, or where different facts are presented at the federal level to support the same theory. *See Nevius v. Sumner,* 852 F.2d 463, 470 (9th Cir. 1988); *Pappageorge v. Sumner,* 688 F.2d 1294, 1295 (9th Cir. 1982); *Johnstone v. Wolff,* 582 F. Supp. 455, 458 (D. Nev. 1984).

## 2.  Ground 1

In ground 1 of the federal petition, petitioner alleges violations of his Fifth, Sixth and Fourteenth Amendment rights to due process, effective assistance of counsel and equal protection (docket #6).  He argues that trial counsel rendered ineffective assistance because he failed to investigate or present evidence regarding petitioner's distinctive tattoos, the discrepancy in the clothing he was wearing at the time of arrest and the description of his clothing by the witness, the fact that Jacob Lair actually committed the crime, and the fact that he did not own the white car at issue (*id*).

Respondents argue that ground 1 is unexhausted to the extent that it raises claims under the equal protection clause of the Fourteenth Amendment.   Respondents are correct that petitioner did not raise any claim under an equal protection theory in either his direct appeal or the appeal of the denial of his state habeas petition (ex.'s 30 and 55).  Further, the Nevada Supreme Court never considered any claim presented by Kimmell under this theory (ex.'s 35 and 57).  Accordingly, the equal protection claim in ground 1 is unexhausted.[2]  Respondents' motion to dismiss does not address the remainder of the claims

---

[2] Respondents advance the same argument that the Fourteenth Amendment equal protection claims set forth in grounds 2 and 3 are similarly unexhausted.  The court need not consider this argument as it concludes below that count 3 is unexhausted in its entirety, and count 2 is subject to dismissal as conclusory.

set forth in ground 1, and therefore, those claims will be subject to disposition on the merits.

### 3. Ground 3

In ground 3, petitioner alleges violations of his Fifth, Sixth and Fourteenth Amendment rights to due process, a fair trial and equal protection.  He asserts that his counsel made so many mistakes at trial and in his direct appeal that the cumulative error undermined the validity of his trial and direct appeal (docket #6).

Respondents are correct that petitioner failed to raise a cumulative error claim under any legal theory in either his direct appeal or the appeal of the denial of his state habeas petition (*see* ex.'s 30 and 55).  The Nevada Supreme Court never considered a cumulative error claim (*see* ex.'s 35 and 57).  Accordingly, ground 3 is unexhausted.

### B.  Conclusory Claims

#### 1.  Legal Standard

In federal habeas petitions, notice pleading is not sufficient.  Mere conclusions of violations of federal rights without specifics do not state a basis for habeas corpus relief.  *Mayle v. Felix*, 545 U.S. 644, 649 (2005); *O'Bremski v. Maass*, 915 F.2d 418, 420 (9th Cir. 1990); *Jones v. Gomez*, 66 F.3d 199, 205 (9th Cir. 1995). Conclusory allegations not supported by specific facts are subject to summary dismissal. *Blackledge v. Allison*, 431 U.S. 63, 74 (1977).  *Pro se* pleadings, however, must be liberally construed.  *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

#### 2. Ground 2

In ground 2, petitioner asserts violations of his Sixth and Fourteenth Amendment rights to effective assistance of counsel and equal protection (docket #6).  He argues that his appellate counsel rendered ineffective assistance when he failed to prepare a direct appeal that cited to the trial record, or argued facts to support any legal argument and when he failed to submit a timely appeal.  Petitioner also argues that his counsel failed to preserve (unspecified) issues on appeal (docket #6).

Respondents correctly point out that petitioner fails to indicate which facts his counsel failed to cite or argue, or to identify which issues should have been preserved for appeal, and therefore, he has failed to set forth a specific factual basis for ground 2.  Accordingly, ground 2 is dismissed as

1   conclusory.[3]

2   **IV.  Petitioner's Options Regarding Unexhausted Claims**

3          A federal court may not entertain a habeas petition unless the petitioner has exhausted available

4   and adequate state court remedies with respect to all claims in the petition.  *Rose v. Lundy*, 455 U.S. 509,

5   510 (1982).  A "mixed" petition containing both exhausted and unexhausted claims is subject to

6   dismissal.  *Id.*  In the instant case, the court finds that ground 2 is dismissed as conclusory, that ground

7   3 is unexhausted, and that the equal protection claim in ground 1 is unexhausted.  Because the court

8   finds that the petition is a "mixed petition," containing both exhausted and unexhausted claims,

9   petitioner has these options:

10         1.    He may submit a sworn declaration voluntarily abandoning the unexhausted
              claims in his federal habeas petition, and proceed only on the exhausted claim;
11
          2.    He may return to state court to exhaust his unexhausted claim, in which case his
12            federal habeas petition will be denied without prejudice; or

13         3.    He may file a motion asking this court to stay and abey his exhausted federal
              habeas claims while he returns to state court to exhaust his unexhausted claim.
14
                 With respect to the third option, a district court has discretion to stay a petition that it may
15
    validly consider on the merits.  *Rhines v. Weber*, 544 U.S. 269, 276, (2005).
16
    The *Rhines* Court stated:
17
                 [S]tay and abeyance should be available only in limited circumstances.  Because
18            granting a stay effectively excuses a petitioner's failure to present his claims first to the
              state courts, stay and abeyance is only appropriate when the district court determines
19            there was good cause for the petitioner's failure to exhaust his claims first in state
              court.  Moreover, even if a petitioner had good cause for that failure, the district court
20            would abuse its discretion if it were to grant him a stay when his unexhausted claims
              are plainly meritless.  *Cf.*  28 U.S.C.  § 2254(b)(2) ("An  application for a writ of
21            habeas corpus may be denied on the merits, notwithstanding the failure of the applicant
              to exhaust the remedies available in the courts of the State").
22
    Rhines, 544 U.S. at 277.
23
                 Accordingly, petitioner would be required to show good cause for his failure to exhaust his
24
    unexhausted claims in state court, and to present argument regarding the question whether or not his
25

26   _____

27         [3] Respondents also argue that in the event that this court read ground 2 to incorporate the specific
    allegations of deficient performance alleged in ground 1, that ground 2 should be dismissed for
28   procedural default.  However, the court notes that such a reading would render ground 2 duplicative and
    subject to dismissal on that basis.

1  unexhausted claims are plainly meritless.  Respondent would then be granted an opportunity to respond,

2  and petitioner to reply.

3       Petitioner's failure to choose any of the three options listed above, or seek other appropriate relief

4  from this court, will result in his federal habeas petition being dismissed.  Petitioner is advised to

5  familiarize himself with the limitations periods for filing federal habeas petitions contained in 28 U.S.C.

6  § 2244(d), as those limitations periods may have a direct and substantial effect on whatever choice he

7  makes regarding his petition.

8  **V.  Conclusion**

9       **IT IS THEREFORE ORDERED** that petitioner's motion for appointment of counsel (docket

10  #15) is **DENIED** without prejudice.

11       **IT IS FURTHER ORDERED** that respondents' motion to dismiss the petition (docket #10) is

12  **GRANTED in part and DENIED** in part as follows:

13       1.  The Fourteenth Amendment equal protection claim set forth in Ground 1 is unexhausted.

14       2.  Ground 2 is **DISMISSED** as conclusory.

15       3.  Ground 3 is unexhausted.

16       **IT IS FURTHER ORDERED** that petitioner shall have **thirty (30) days** to either: **(1)** inform

17  this court in a sworn declaration that he wishes to formally and forever abandon the unexhausted grounds

18  for relief in his federal habeas petition and proceed on the exhausted ground; **OR (2)** inform this court

19  in a sworn declaration that he wishes to dismiss this petition without prejudice in order to return to state

20  court to exhaust his unexhausted claims; **OR (3)** file a motion for a stay and abeyance, asking this court

21  to hold his exhausted claim in abeyance while he returns to state court to exhaust his unexhausted claims.

22  If petitioner chooses to file a motion for a stay and abeyance, or seek other appropriate relief,

23  respondents may respond to such motion as provided in Local Rule 7-2.

24       **IT IS FURTHER ORDERED** that if petitioner elects to abandon his unexhausted grounds,

25  respondents shall have **thirty (30) days** from the date petitioner serves his declaration of abandonment

26  in which to file an answer to petitioner's remaining grounds for relief.  The answer shall contain all

27  substantive and procedural arguments as to all surviving grounds of the petition, and shall comply with

28  Rule 5 of the Rules Governing Proceedings in the United States District Courts under 28 U.S.C. §2254.

1       **IT IS FURTHER ORDERED** that petitioner shall have **thirty (30) days** following service of

2 respondents' answer in which to file a reply.

3       **IT IS FURTHER ORDERED** that if petitioner fails to respond to this order within the time

4 permitted, this case may be dismissed.

5       Dated this 13th day of October, 2011.

6

7

8                                 _____

9                                 LARRY R. HICKS
                                UNITED STATES DISTRICT JUDGE

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28