# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| ROBERT LEE KIMMELL, ) | |
| ) | |
| Petitioner, ) | 3:12-cv-0304-LRH-WGC |
| ) | (also to be filed in case number: |
| vs. ) | 3:11-cv-00311-LRH-WGC) |
| ) | |
| ) | **ORDER** |
| JACK PALMER, *et. al.*, ) | |
| ) | |
| Respondents. ) | |

Petitioner Robert Kimmell filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. ECF No. 1. Upon initial review pursuant to Rule 4 of the Rules Governing 2254 Cases, the Court determined that the petition was likely subject to dismissal as untimely. ECF No. 3.

In response to the Court's order directing petitioner to show cause why the petition should not be dismissed, petitioner filed his Notice Showing Cause or Motion to Re-Instate and Join. ECF No. 6. In that document petitioner informs the Court of his history in attempting to pursue his federal habeas relief including his original timely petition filed on May 11, 2011, in case number 3:11-cv-0311-LRH-WGC. In that case, it was determined that he had unexhausted claims and petitioner was advised of the *Rhines v. Weber,* 544 U.S. 269 (2005) holding and directed to advised the court if he wished to voluntarily abandon the unexhausted claims, state a desire to return to state court at which point the petition would be denied without prejudice, or seek a stay and abeyance. *See,* 3:11-cv-0311-LRH-WGC, Order (ECF No. 18), p. 6. Petitioner, "[d]ue to inadaquate [sic] advice from an untrained law clerk," filed a declaration seeking dismissal of his entire petition. The action was dismissed without prejudice on January 31, 2012. *Id.* ECF No. 20.

Petitioner advises that he then filed another action, 3:12-cv-212-RCJ-VPC, on April 17, 2012, which was dismissed by the court without service because he failed to pay the filing fee or submit an application to proceed *in forma pauperis*.  See 3:12-cv-212-RCJ-VPC, ECF Nos. 3 and 4.

Petitioner contends that this history demonstrates his diligent attempts to pursue his federal claims in this Court.  He contends that, but for the inadequate law library access and the untrained law clerk, he would have remained in federal court in his 2011 case.

Respondents have opposed his motion to reinstate the 2011 case (ECF No. 7) arguing the motion to reinstate should be reviewed under the requirements of Fed. R. Civ. P. 60(b) and that petitioner has not shown good cause to obtain relief.  ECF No. 7.

Rule 60(b) provides several bases for relief from judgment:

> (b) Grounds for Relief from a Final Judgment, Order, or Proceeding. On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
>
> (1) mistake, inadvertence, surprise, or excusable neglect;
>
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
>
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
>
> (4) the judgment is void;
>
> (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
>
> (6) any other reason that justifies relief.

Fed.R.Civ.P. 60(b). There is a time limit for filing motions under Rule 60(b):

> (c) Timing and Effect of the Motion.
>
> (1) Timing. A motion under Rule 60(b) must be made within a reasonable time-and for reasons (1), (2), and (3) no more than a year after the entry of the judgment or order or the date of the proceeding.

Fed.R.Civ.P. 60(c)(1).  Insofar as not inconsistent with any applicable statute or with the Rules Governing Section 2254 Cases, the Federal Rules of Civil Procedure apply in habeas proceedings. Rule 11, Rules Governing Section 2254 Cases. The United States Supreme Court has made clear that

2

"Rule 60(b) has an unquestionably valid role to play in habeas cases." *Gonzalez v. Crosby*, 545 U.S. 524, 528, 125 S.Ct. 2641 (2005) (habeas petitioner may move for relief from judgment under Rule 60(b) so long as the motion is not the equivalent of a successive petition).

The Court agrees that petitioner is actually seeking reconsideration and reversal of the Order dismissing his case number 3:11-cv-00311-LRH-WGC.  The ground for relief under Rule 60(b) is properly categorized as "mistake" as authorized under subpart (1). The Court also notes that the motion was filed within the requisite one-year period imposed for motions based on Rule 60 (b)(1) and (2).

The Ninth Circuit has not addressed the question of whether a federal court may vacate the judgment in a § 2254 action where the petitioner sought dismissal in order to exhaust available state remedies. The Seventh Circuit has considered the question in *Arrieta v. Battaglia*, 461 F.3d 861, 865, (7th Cir. 2006) "(A litigant who moves to voluntarily dismiss an action that cannot be refiled due to the expiration of the statute of limitation has committed a mistake.") The analysis in the *Arrieta* case is sound on this point.  Moreover, the Court believes that the arguments posed by petitioner may, in fact, qualify him for an order reopening his original action.

The Court shall order that the motion to reinstate his earlier petition, the response and reply be transferred to and filed in that case, where it shall be granted.  However consolidation or joinder of the actions pursuant to Fed. R. Civ. P. 42(a) is inappropriate and transfer of the petition in this action into the original action is ill advised, because the Court has compared the petition filed in the original action with the petition filed in this action and finds that they do not raise the same or even similar claims.  Thus, it would be futile to transfer the petition in this action into the earlier action, where the new claims do not relate back to the original and would be subject to dismissal as untimely. *See Mayles v. Felix,* 545 U.S. 644, 125 S.Ct. 2562, 2673 (2005)(citing *Clipper Express v, Rocky Mountain Motor Tariff Bureau, Inc.,* 690 F.2d, 1246, 1259, n. 29 (9th Cir. 1982)"[R]elation back depends on the existence of a common 'core of operative facts' uniting the original and newly asserted claims."); *see also* 6A C. Wright, A. Miller, & M. Kane, Federal Practice and Procedure § 1497, p. 85 (2d ed.1990). As a result, the motion to join the actions shall be denied.

Upon transfer of the motion, briefing, and this Order into, and the reopening of, the original action, petitioner shall be granted one more opportunity to advise the Court of his desires or intentions related to the unexhausted claims. As he was previously advised by the Court:

> A federal court may not entertain a habeas petition unless the petitioner has exhausted available and adequate state court remedies with respect to all claims in the petition. *Rose v. Lundy*, 455 U.S. 509, 510 (1982). A "mixed" petition containing both exhausted and unexhausted claims is subject to dismissal. *Id*. In the instant case, the court finds that ground 2 is dismissed as conclusory, that ground 3 is unexhausted, and that the equal protection claim in ground 1 is unexhausted. Because the court finds that the petition is a "mixed petition," containing both exhausted and unexhausted claims, petitioner has these options:
>
> 1. **He may submit a sworn declaration voluntarily abandoning the unexhausted claims in his federal habeas petition, and proceed only on the exhausted claim**;
>
> 2. **He may return to state court to exhaust his unexhausted claim, in which case his federal habeas petition will be denied without prejudice**; or
>
> 3. **He may file a motion asking this court to stay and abey his exhausted federal habeas claims while he returns to state court to exhaust his unexhausted claim**.
>
> With respect to the third option, a district court has discretion to stay a petition that it may validly consider on the merits. *Rhines v. Weber*, 544 U.S. 269, 276, (2005).
>
> The *Rhines* Court stated:
>
> > [S]tay and abeyance should be available only in limited circumstances. Because granting a stay effectively excuses a petitioner's failure to present his claims first to the state courts, stay and abeyance is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court. Moreover, even if a petitioner had good cause for that failure, the district court would abuse its discretion if it were to grant him a stay when his unexhausted claims are plainly meritless. *Cf*. 28 U.S.C. § 2254(b)(2) ("An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State").
>
> Rhines, 544 U.S. at 277.
>
> **Accordingly, petitioner would be required to show good cause for his failure to exhaust his unexhausted claims in state court, and to present argument regarding the question whether or not his unexhausted claims are plainly meritless**. Respondent would then be granted an opportunity to respond, and petitioner to reply.

Case No. 3:11-cv-0311-LRH-WGC, Order on Motion to Dismiss (ECF No. 18), p. 7 (emphasis added).   Thereafter, the court in that action shall consider the petitioner's arguments and determine how the matter shall proceed.

As for the instant action, The Court finds that the petition is untimely filed pursuant to 28 U.S.C. § 2244(d) and the claims do not relate to those of the original petition.  Moreover, petitioner has not demonstrated that he is entitled to equitable tolling of the limitations period where he has not demonstrated that some factor external to the defense prevented him from filing the petition in this action in a timely manner. *See Tillema v. Long*, 253 F.3d 494 (9th Cir. 2001)*; see also Holland v. Florida,* 130 S.Ct. 2549, 2562-63 (2010); *Miranda v. Castro*, 292 F.3d 1063, 1066 (9th Cir. 2002) ("Equitable tolling is only appropriate "if *extraordinary* circumstances beyond a prisoner's control make it impossible to file a petition on time."). He waited several months to refile and was familiar with the form and fee requirements for filing a § 2254 petition from his original case, yet failed to include them in his second attempt to obtain federal relief. Thus, the petition in this action shall be dismissed and this action shall be closed.

**IT IS THEREFORE ORDERED** that the Clerk shall **transfer and file** the Motion to Reinstate and Join (ECF No. 6), the response (ECF No. 7) and reply (ECF No. 8), along with a copy of this Order into petitioner's original federal habeas action, **3:11-cv-00311-LRH-WGC**.

**IT IS FURTHER ORDERED THAT** the motion to reinstate and join (ECF No. 6) is **GRANTED IN PART AND DENIED IN PART.**  The Order of Dismissal and Judgment in case number 3:11-cv-00311-LRH-WGC are **vacated.**  The Clerk shall reopen case number 3:11-cv-00311-LRH-WGC. The original petition shall be reinstated.

**IT IS FURTHER ORDERED** that petitioner shall, within **thirty (30) days** of entry of this order, inform the Court in the original case, number 3:11-cv-00311-LRH-WGC, of his intention to abandon his unexhausted claims in that petition and proceed on the remaining exhausted claims or show cause why he failed to exhaust the unexhausted claims in the state courts and request a stay and abeyance to allow him an opportunity to return to state court to exhaust the claims.

///

1     **IT IS FURTHER ORDERED** that the petition in this case number 3:12-cv-00304-LRH-WGC is **DISMISSED WITH PREJUDICE AS UNTIMELY.** The case shall be closed.

    The Clerk shall enter judgment accordingly.

    DATED this 5th day of November, 2012.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE